4 F.3d 994
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony C. ALFIERO, Defendant-Appellant.
 No. 92-6584.
 United States Court of Appeals, Sixth Circuit.
 Aug. 24, 1993.
 
 Before: MARTIN and SUHRHEINRICH, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Anthony Carl Alfiero appeals his jury conviction for aiding and abetting in the possession with intent to distribute four hundred fifty-four pounds of marijuana, in violation of 21 U.S.C. Sec. 841(a)(1). Alfiero contends that the district court improperly admitted evidence of contraband found in a vehicle rented by Alfiero and that the evidence presented at trial was insufficient to find intent to distribute. We affirm.
 
 
 2
 On August 21, 1991, Lee Word, a police officer in Memphis, Tennessee, was driving in northbound traffic on Interstate 240 on a routine patrol. Nearby, Jose Pacheco was driving a Lincoln towncar in which Alfiero was the sole passenger. Pacheco switched lanes suddenly in front of Officer Word, and Officer Word stopped the vehicle with the intention of writing Pacheco a ticket for swerving in traffic. After Pacheco and Officer Word pulled over, Pacheco got into the patrol car and told Officer Word that he and Alfiero were returning to Massachusetts from a two-day trip to Texas, where they stayed in a Ramada Inn. Pacheco also said that he was a corrections officer with the Massachusetts prison system. Officer Word decided to issue a courtesy ticket only. When Officer Word asked for the car registration papers, Pacheco indicated that the car was a rental car and that the rental documents were in the vehicle. Officer Word then approached the Lincoln and requested the documents from Alfiero, who spoke to the officer through an open window in the car. When Officer Word was beside the vehicle, he smelled an odor that he identified as marijuana. In the conversation that followed, Alfiero provided a different explanation of his itinerary than the version provided by Pacheco. Alfiero indicated that he and Pacheco were in Texas for three days, rather than two days, and that they stayed in a Best Western hotel, rather than a Ramada Inn.
 
 
 3
 At this point, another officer appeared on the scene, and Officer Word requested permission to search the vehicle. Alfiero assented by signing a written consent form. Alfiero claims that he was coerced into signing the form because the police informed him that they could bring trained dogs to search the car for drugs. During the search, the officers located four hundred fifty-four pounds of marijuana in the trunk and back seat. The officers then placed Alfiero and Pacheco under arrest.
 
 
 4
 On August 28, 1991, a federal grand jury indicted Alfiero on one count of aiding and abetting in the possession with intent to distribute marijuana, in violation of 21 U.S.C. Sec. 841(a)(1). Pacheco was charged with the same offense. On October 2, Alfiero filed a motion to suppress evidence found in the vehicle. Pacheco filed a motion to suppress the same evidence. The district court referred both motions to a magistrate judge for proposed findings of fact and a recommendation. The magistrate judge conducted a suppression hearing on November 25 and prepared a report and recommendation. In accordance with the magistrate judge's recommendation, the district court denied both suppression motions on April 14, 1992. After a two-day trial, the jury found Alfiero guilty. On August 31, the district court issued judgment against Alfiero and sentenced him to imprisonment for five years and three months with four years of supervised release. Alfiero filed a timely notice of appeal.
 
 
 5
 Alfiero challenges the district court's denial of his motion to suppress evidence. Alfiero argues that the search by the police was unreasonable and that his consent to search the car was not voluntarily given. A district court's ruling on the admission of evidence is reviewed for an abuse of discretion. Schrand v. Federal Pacific Elec. Co., 851 F.2d 152, 156-57 (6th Cir.1988). An abuse of discretion occurs when the district court relies on clearly erroneous findings of fact or when it does not properly apply the law. Black Law Enf. Officers Ass'n v. City of Akron, 824 F.2d 475, 479 (6th Cir.1987) (citations omitted).
 
 
 6
 In the present case, the district court denied the motion to suppress after reviewing the record of the suppression hearing and the magistrate judge's recommendation. The court found that the odor of marijuana provided probable cause for a search. The district court also ruled that the voluntariness of the consent was a moot question because of the existence of probable cause. We agree. Warrantless searches are generally unconstitutional under the Fourth Amendment, but an exception applies to automobile searches. United States v. Carney, 471 U.S. 386, 390 (1985). Prior to the court's ruling in Carney, warrantless searches of automobiles were constitutional only when both probable cause and exigent circumstances existed, but the Carney court eliminated the exigency requirement in automobile searches. Id. at 391-92. Even though Officer Word had probable cause to execute a search, Officer Word requested Alfiero's written consent, which was an unnecessary step for a lawful search.
 
 
 7
 The legality of the search can also be upheld on the basis of Alfiero's consent. In determining the voluntariness of the consent, this court cannot examine the consent in isolation. We must look to the "totality of the circumstances" surrounding the consent to determine whether it was given voluntarily. See United States v. Mendenhall, 446 U.S. 544, 557 (1986). The chain of events surrounding Alfiero's consent are important to the outcome of this case. Officer Word had probable cause to stop the Lincoln towncar because of the traffic violation that he saw. While he discussed the violation with Alfiero, Officer Word noticed the odor of marijuana. Officer Word's detection of illegal drugs gave him probable cause to seek a search warrant or to execute a warrantless search, but he did not take either step. Instead, Officer Word requested consent to search the car, and Alfiero knowingly signed a consent form that granted the police authority to search the car. The fact that Officer Word mentioned that he could use drug dogs to search the car does not negate the validity of the consent. Officer Word's remarks did not make the consent coercive, and the fruit of the search was not tainted. Therefore, the motion to suppress was properly denied.
 
 
 8
 Alfiero also challenges his conviction on the basis of insufficient evidence of intent to distribute, which is an element of the crime at issue. The scope of our review on questions of sufficiency of the evidence is narrow. Our inquiry is "whether after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Ellzey, 874 F.2d 324, 328 (6th Cir.1989) (quoting Jackson v. Virginia, 443 U.S. 307, 309 (1979)). Alfiero's appeal on this basis is entirely meritless. Pacheco testified at trial that he and Alfiero picked up the load of marijuana in Texas and intended to distribute it to Leonard Desnes in Boston, Massachusetts. Therefore, sufficient evidence existed for the jury to find that Alfiero possessed the marijuana with the intent to distribute it.
 
 
 9
 For the foregoing reasons, we affirm the district court.